# **EXHIBIT 2**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 4 2014

TIM RHODES
COURT CLERK

43 _____

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| PATRICK DAILEY and HELEN DAILEY, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | )   Case No. CJ 2012-196 ~~196~~ 3382 |
| | ) |
| MANUEL ALVARADO,   Barry G. Sell, | ) |
| Mechanical Technologies by Barry, L.L.C., | ) |
| and Hunton Distribution Group, L.P.; | ) |
| | ) |
| Defendants. | ) |

### Amended Petition

COME NOW Plaintiffs and for their causes of action against the Defendants, and each of them, allege and state:

### VENUE AND JURISDICTION

1. Jurisdiction and venue are proper in this Court as:

(a) Defendant, Manuel Alvarado, as stated in the original Petition filed herein (a copy of which is attached hereto as Exhibit "A" and incorporated herein in its entirety by reference) resides and conducts business in Oklahoma County, State of Oklahoma.

(b) Defendants, Barry G. Sell, Mechanical Technologies by Barry, L.L.C., and Hunton Distribution Group, L.P., are licensed and registered to conduct business in Oklahoma County;

(c) The amount in controversy exceed $10,000.

1

(d) The services and transactions at issue were performed in
Oklahoma County, State of Oklahoma.

(e) This Court has jurisdiction over the parties and subject matter.

## SUMMARY OF THE FACTS RELEVANT TO THE CASE

2. The Summary of the Facts Relevant to the Case, as set forth in items 2 through 4 of the original Petition, (which is attached hereto as Exhibit "A)" are incorporated herein by reference.

3. Defendant, Hunton Distribution Group, L.P., did sell to defendant, Manuel Alvarado, or his employee or agent, on more than one occasion, certain heat, ventilation and air conditioning ("HVAC") equipment which defendant, Manuel Alvarado and his employees or agents attempted to install in the residence of Plaintiffs.  Hunton Group knew or should have known that Manuel Alvarado or his employee or agent which purchased said equipment were not properly licensed to install or service such equipment. Such sale was in violation of state and federal environmental laws and building codes and in violation of manufacturer and internal policies and requirements.

4. Defendants, Barry G. Sell and Mechanical Technologies by Barry, L.L.C., did apply for and obtain permits from the City of Oklahoma City authorizing the installation of said HVAC units and procured the approval of city inspectors for such installation. Defendants, Barry G. Sell and Mechanical Technologies by Barry, L.L.C., allowed Manuel Alvarado and his employees or agents to install the HVAC

2

equipment with knowledge that Manuel Alvarado was not licensed to perform such work.

5. The HVAC units were not compatible, were negligently installed, and never worked.

6. Plaintiffs were required to incur substantial expense to have a duly licensed contractor replace the HVAC units. Significant additional costs were incurred due to lack of use of their residence during delays in remedying the faulty installation, including, but not limited to alternative living arrangements and travel.

## CAUSES OF ACTION

7. The Causes of Action related to defendant, Manuel Alvarado, as set forth in items 5 through 6 of Plaintiffs' original Petition, are attached hereto as Exhibit "A" and incorporated herein by reference.

8. Defendant, Hunton Distribution Group, L.P., knowing defendant Manuel Alvarado or his agent or employee were not legally licensed to install such HVAC equipment, was recklessly, willfully and wantonly negligent per se in selling the HVAC equipment to defendant Manuel Alvarado or his employee or agent, as such sale was in violation of state and federal environmental and building codes and regulations as well as their internal policies and manufacturer requirements.

9. Defendants, Barry G. Sell and Mechanical Technologies by Barry, L.L.C., were recklessly, willfully and wantonly negligent per se in obtaining Oklahoma City building permits for the installation of the HVAC units in plaintiffs' residence, the obtaining of city approval of such installation, and in permitting defendant Manuel

3

Alvarado to install the HVAC units without oversight, in direct violation of state and federal environmental and building codes and regulations, including, but not limited to the Construction Industries Board Act (59 O.S. §1000 et seq), the Mechanical Industries Board Act (59 O.S. 1850 et seq.).

10. Defendants Barry G. Sell and Mechanical Technologies by Barry, L.L.C. committed fraud and unfair and deceptive trade practices in knowingly misrepresenting the quality of services to be rendered in the installation of the HVAC equipment, violating the Oklahoma Consumer Protection Act (15 O.S. 751 et seq).

11. Defendants Barry G. Sell and Mechanical Technologies by Barry, L.L.C. committed fraud and conspired to defraud plaintiffs by obtaining city permits and approvals and permitting defendant Manuel Alvarado to install the HVAC equipment, knowing defendant Manuel Alvarado was unlicensed and unqualified to perform such installation.

12. The sale of the HVAC units by defendant Hunton Distribution Group, L.P. and the unlicensed and unqualified installation by defendant Manuel Alvarez under the unlawful auspices of licensure and approval of defendants Barry G. Sell and Mechanical Technologies by Barry, L.L.C. constituted a conspiracy and pattern of unlawful and negligent conduct in violation of the Racketeer Influenced and Corrupt Organizations Act [18 U.S.C.A. §§ 1961 et seq. ] ("RICO"); including a conspiracy (21 O.S. §421) and pattern (21 O.S. §425) of illegal, fraudulent conduct.

13. The actions of defendants, as set forth herein, have caused Plaintiffs to incur substantial expense to have a duly licensed contractor replace the HVAC units. Significant additional costs were incurred due to lack of use of their residence during delays in remedying the faulty installation, including, but not limited to alternative living arrangements and travel.

WHEREFORE, plaintiffs pray for judgment against defendants for actual damages incurred, and punitive, exemplary, treble damages pursuant to RICO and related statutes, legal, court and other costs related to this action and such other relief this Court deems just.

Respectfully submitted,

Rex Hodges, OBA 12118
Attorney for Plaintiff
3555 N.W. 58th St. Ste. 800
Okla. City, OK 73142
Phone 405-948-8402
Fax 866-255-2280
Email rexhodges@gmail.com

5

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

PATRICK DAILEY and HELEN DAILEY,    )
    )
    Plaintiffs    )
    )
vs.    )    Case No.  CJ 2012-~~196~~ 3382
    )
MANUEL ALVARADO,   Barry G. Sell,    )
Mechanical Technologies by Barry, L.L.C.,    )
and Hunton Distribution Group, L.P.;    )
    )
    Defendants.    )

### CERTIFICATE OF SERVICE

Rex Hodges certifies that on the 4th day of April, 2014, he delivered via restricted delivery, certified, postage paid U.S. Mail, return receipt requested, a true and correct copy of the forgoing Amended Petition to:

Hunton Distribution Group, L.P.
c/o Corporation Service Company
115 S.W. 89th St.
Okla. City, OK 73139-8511

Barry G. Sell
Mechanical Technologies by Barry, LLC
3221 S.W. 18th St.
Okla. City, OK 73108

Barry G. Sell
3221 S.W. 18th St.
Okla. City, OK 73108

And via U.S. Mail to:

Shaun P. Riley, Attorney
P.O. Box 95784
Okla. City, OK 73129-3632

_____
Rex Hodges

6

 *12-3382*

*Owens*

*1018139189*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

JUN - 1 2012

PATRICIA PRESLEY, COURT CLERK
by_____
DEPUTY

PATRICK DAILEY and HELEN DAILEY, )
                        )
        Plaintiffs     )
                        )
vs.                  )  Case No.
                        )
MANUEL ALVARADO,      )  **CJ -2012-3382**
                        )
        Defendant    )

### PETITION
#### (Jury Trial Requested)

COMES NOW Patrick Dailey and Helen Dailey, by and through the undersigned counsel, and for their Petition against Manuel Alvarado, allege as follows:

#### VENUE AND JURISDICTION

1. Jurisdiction and venue are proper in this Court as Defendant resides in Oklahoma County, State of Oklahoma; Defendant's principal place of business is in Oklahoma County, State of Oklahoma, and the contract at issue was entered into and to be performed in Oklahoma County, State of Oklahoma.

#### SUMMARY OF THE FACTS RELEVANT TO THE CASE

2. Plaintiff and Defendant negotiated and entered into an agreement whereby Defendant agreed to perform remodeling services for Plaintiffs in exchange for compensation therefore.

3. Defendant willfully failed and refused to timely perform certain of the agreed remodeling services and performed certain other agreed services in an untimely, unworkmanlike and negligent manner.

4. Defendant's willful failure to perform, unworkmanlike performance, and negligence has resulted in the Plaintiffs being deprived of the use of their residence; has caused them to retain other contractors to complete work left unfinished by Defendant and to correct projects improperly and negligently performed by Defendant. Plaintiffs have also had to incur significant lodging, travel and related expenses due to the inhabitability of their residence caused by Defendant's breach of his contractual duties to

Exhibit: A
Page: 1 of 2

Plaintiffs, his willful failure to perform and negligence.

## CAUSES OF ACTION

Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1-4 above and further allege:

5. Breach of Contract. Defendant has failed to perform in a timely and workmanlike manner remodeling services pursuant to his contractual agreement with Plaintiffs.

6. Negligence. Defendant has negligently and in an unworkmanlike manner performed certain remodeling services which were promised to be performed in a professional manner pursuant to his contractual arrangements with Plaintiff.

7. Breach of covenant of good faith and fair dealing. Defendant breached his duty to Plaintiffs of good faith and fair dealing.

8. Fraud in the inducement: Defendant fraudulently induced Plaintiffs to enter into an agreement with him to perform remodeling services which he knew or should have known he was unqualified, unprepared and unwilling to professionally complete in a timely manner.

9. As a direct result of the breach of contract, negligence, breach of covenant of good faith and fair dealing, and fraud in the inducement by Defendant, Plaintiffs have sustained damages including, but not limited to deprivation of use of their residence, costs of hiring other contractors to complete and repair unfinished or improperly performed services, lodging, travel and related expenses.

Accordingly, Plaintiffs demand a jury trial and judgment against Defendant for actual and punitive damages in excess of ten thousand dollars ($10,000) and any and all other relief this Court deems just.

Respectfully submitted,

Rex Hodges, OBA 12118
Attorney for Plaintiff
5001 Gaillardia Corp. Place
Okla. City, OK 73142
Phone 405-948-8402
Fax 866-255-2280
Email rexhodges@gmail.com

Exhibit: A
Page: 2 of 2