IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK DAILEY AND HELEN DAILEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIV-14-417-R |
| MANUAL ALVARADO, BARRY G. SELL, MECHANICAL TECHNOLOGIES BY BARRY, L.L.C., AND HUNTON DISTRIBUTION GROUP, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendant Hunton Distribution Group. Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

At the outset the Court determines the instant motion is more properly characterized as a motion for judgment on the pleadings, in light of Defendant's filing of an answer to the amended petition on April 25, 2014, followed by the instant motion on May 29, 2014. *See* Fed.R.Civ.P. 12(b)("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed"); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 n. 2 (10th Cir.2002) (citing Fed.R.Civ.P. 12(c); (h)(2)) ("If the defendant makes [a Rule 12(b)(6)] motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings."). The standard on a motion for judgment on the pleadings

is the same as that applied to a motion to dismiss, *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003), that is, accepting the well-pled factual allegations in the complaint as true, the Court must resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir.2013) (citation omitted) (internal quotation marks omitted).

Plaintiff seeks to recover from Defendant Hunton on two theories, negligence per se and civil conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq* ("RICO") and on the basis of a pattern of illegal, fraudulent conduct. Under Oklahoma law, "[i]f a statute delineates the defendant's obligations, a court may adopt the required conduct in place of the common-law duty as the appropriate basis for establishing civil liability." *Burgin v. Leach*, 320 P.2d 33, 38-39 (Okla.Civ.App. 2014)(citing *Mansfield v. Circle K Corporation*, 877 P.2d 1130, 1132 (1994). Accordingly, while it is not beyond the pale that Plaintiffs could sue Defendant Hunton for negligence per se, the shortcoming is Plaintiffs failure to identify any state or federal statute that Defendant Hunton allegedly violated, and therefore, dismissal of Plaintiff's claims is appropriate. *See Lilak v. GlaxoSmithKline, LLC*, 2012 WL 4478972, *3-4 (D.Colo. July 23, 2012), Report and Recommendation adopted, 2012 WL 4443994 (D.Colo. Sept. 26, 2012). Plaintiffs' failure to point to or allege the violation of any particular state or federal statute provides the Court with no basis from which to draw an inference that the defendants could be liable for negligence per se. Accordingly, this claim is dismissed.

Plaintiffs also allege Defendant Hunton is liable under RICO. In the Amended Petition, Plaintiffs allege with regard to the RICO claim against Hunton:

> The sale of the HVAC units by defendant Hunton Distribution Group, L.P. and the unlicensed and unqualified installation by defendant Manuel Alvarez (sic) under the auspices of licensure and approval by Barry G Sell and Mechanical Technologies by Barry, L.L.C. constituted a conspiracy and pattern of unlawful and negligent conduct in violation of the Racketeer Influence and Corrupt Organizations Act [18 U.S.C.A. §§ 1961 et seq.] ("RICO"); including a conspiracy (21 O.S. §421) and patten (21 O.S. 425) of illegal, fraudulent conduct.

Amended Petition, ¶ 12. These allegations are insufficient to plead a RICO claim, which requires Plaintiff to allege facts in support of his theory that Defendant engaged in predicate acts of racketeering, not merely citation to two sections. Plaintiffs plead no facts in support of the theory of an agreement so as to support their claim of conspiracy nor are there sufficient allegations of illegal or fraudulent conduct with regard to Defendant Hunton. Accordingly, Defendant Hunton's motion is granted with regard to Plaintiffs' RICO claim.

For the reasons stated herein, Defendant Hunton's motion to dismiss is hereby construed as a motion for judgment on the pleadings, and is GRANTED.

IT IS SO ORDERED this 25th day of July, 2014.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE