IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK DAILEY and HELEN DAILEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-417-R |
| MANUEL ALVARADO, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Second Motion for Default Judgment Against Defendant Manuel Alvarado, Doc. No. 30, ("Motion"), as supplemented by Plaintiffs' First Motion to Supplement Second Motion for Default Judgment, Doc. No. 46, ("Supplement"). For the reasons below, the Court **GRANTS** the Motion and enters a judgment in favor of Plaintiffs and against Defendant Manuel Alvarado in the amount of **$39,074.35** in damages and **$18,300.00** in attorneys' fees.

I. **Background**

This action involved, *inter alia*, Plaintiffs' claims in contract and tort against Defendant Manuel Alvarado related to his alleged breach a contract to perform certain remodeling services for Plaintiffs. Doc. No. 1-2.[1] This case was removed to this Court from the District Court of Oklahoma County. Doc. No. 1.

---

[1] Plaintiffs later amended their complaint to include claims against other parties under various federal and state statutes. Doc. No. 1-2.

1

At a hearing on April 29, 2015 (the "April 29 Hearing"), the undersigned indicated that he would grant Plaintiffs' Motion due to Defendant Alvarado's repeated refusal to respond to outstanding discovery. Doc. No. 33.[2] Plaintiffs' counsel submitted a request for $67,260.00 in damages and $41,460.00 in attorneys' fees. *See* Order, Doc. No. 38. At a subsequent hearing on damages and attorneys' fees, the undersigned directed Plaintiffs' counsel to submit an affidavit justifying the damages sought, as well as citations to Oklahoma law justifying an award of attorneys' fees in this case. *See* Doc. No. 39. Plaintiffs submitted an affidavit with a chart of damages totaling $87,665, which they attested "were reasonably and necessarily incurred by [them] to replace, repair, correct, and complete remodeling and related services." *See* Doc. No. 40. Plaintiffs' counsel also provided a list of three Oklahoma statutes on attorneys' fees, as well as the statute governing the measure of damages in an action for breach of contract. *Id.* Because Plaintiffs failed to substantiate how the damages listed in their chart were natural and proximate consequences of Alvarado's breach, the Court directed Plaintiffs to supplement their Motion with such information. *Id.* The Court also ordered Plaintiffs to justify their request for attorneys' fees. *Id*. Pursuant to the Court's order, Plaintiffs filed the Supplement with additional documentation. Doc. No. 46.

---

[2] *See* Doc. Nos. 16, at 1-2; 30, at 1-2 (Plaintiffs' first and second motions for default discussing Defendant Alvarado's conduct during discovery).

## II. Default Judgment against Defendant Alvarado

As stated at the April 29 Hearing, the Court finds that Defendant Alvarado is in default for his repeated and continued failure to respond to discovery. Judgment by default is hereby entered in favor of Plaintiffs and against Defendant Alvarado.

## III. Damages

Under Oklahoma law, "[n]o damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin." OKLA. STAT. tit. 23, § 21. To satisfy this standard, Plaintiffs must demonstrate that these damages "are the natural and proximate consequence of the breach and not speculative and contingent." *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1184 (10th Cir. 2009) (quoting *Florafax Int'l, Inc. v. GTE Mkt. Res., Inc.*, 933 P.2d 282, 296 (Okla. 1997)).

The Court has given Plaintiffs several opportunities to meet this burden. *See* Doc. Nos. 38-40. In their latest submission, Plaintiffs seek $76,012.48 in damages and have provided an itemized list and documentation that purports to substantiate this amount. Doc. No. 46. However, in many instances, Plaintiffs continue to fail to meet their burden to show that the cost incurred arose from Defendant Alvarado's breach, rather than a cost they would have incurred regardless of the breach. Additionally, in a number of instances, Plaintiffs submit "documentation" in support of their damages request but the total amount documented falls short of the requested amount, includes handwritten notations that appear to be from Plaintiffs, or otherwise fail to justify the amount Plaintiffs seek.

Specifically, Plaintiffs have not shown that the following costs were incurred as a result of Defendant Alvarado's breach, rather than costs for remodeling or renovating their home: replacing cracked concrete in the driveway (Doc. No. 46-2, item 5), correcting an slope on the porch and circle drive (*id.*, item 6), the installation of insulation (*id.*, item 7), finishing carpentry (*id.*, item 8), and yard repair (*id.*, item 10).

Additionally, Plaintiffs contend that due to Defendant Alvarado's breach, they were forced to concurrently maintain residences in Atlanta and Oklahoma City, and seek reimbursement of such costs. However, Plaintiffs fail to explain why the following costs were necessary: the hotel stay for Plaintiff Helen Dailey in Oklahoma City from March 11, 2012 through May 17, 2012 (*id.*, item 13);[3] "living expenses" for Ms. Dailey for eight months (*id.*, item 14),[4] travel to Oklahoma City for Plaintiff Patrick Dailey when Ms. Dailey resided in Oklahoma City (*id.*, item 15),[5] and the costs for Plaintiffs' utilities in Atlanta, including Plaintiffs' U-verse subscription (*id.*, item 16).[6]

The Court finds, however, that Plaintiffs have met their burden on the following costs: (1) $13,900 to repair the HVAC (item 3); $5,000 advance payment to Defendant

---

[3] Plaintiffs offer no explanation for why Ms. Dailey had to reside in Oklahoma City during these months, why she could not remain in Atlanta with Mr. Dailey during this time, nor how her extended Oklahoma City hotel stay otherwise was a natural and proximate result of Defendant Alvarado's breach.

[4] Plaintiffs do not detail what these "living expenses" were, nor why Ms. Dailey incurred these living expenses due to Defendant Alvarado's breach. Rather, it appears that Ms. Dailey believes that because she was in Oklahoma City when she incurred these expenses, they are recoverable from Defendant Alvarado. Moreover, Plaintiffs' request for eight months of Oklahoma City living expenses for Ms. Dailey is difficult to reconcile with Ms. Dailey's hotel records which indicate she only resided in Oklahoma City for two months during the relevant period.

[5] Plaintiffs provide no explanation for why both Plaintiffs had to be physically present to monitor and make decisions related to the project.

[6] Regardless of Defendant Alvarado's breach, Plaintiffs would have to pay utilities in either Oklahoma City or Atlanta. Plaintiffs did not indicate that they were forced to pay double utilities during this time, or provide any other reason to justify this cost.

4

Alvarado (*id.*, item 4 ); $502.75 for plumbing repair (*id.*, item 9);[7] $3,750 to repair texture and re-paint walls and ceiling (*id.*, item 11);[8] $15,000 for temporary living rent in Atlanta (*id.*, item 12);[9] $921.60 for Plaintiffs' travel from Atlanta to Oklahoma City to monitor the project, less Mr. Dailey's flights in March, April, and May when Ms. Dailey resided in Oklahoma City (*id.*, item 15).[10] Thus, the Court will enter an award of **$39,074.35** in damages as a proximate consequence of Defendant Alvarado's breach.

## IV. Attorneys' Fees

Plaintiffs also seek attorneys' fees as the prevailing party under OKLAHOMA STAT. tit. 12, §§ 936, 940.[11] Section 936 provides in relevant part:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

---

[7] Though Plaintiffs seek $6,025 for plumbing repairs (item 9), they only submit documentation totaling $502.75. Doc. No. 46-9.

[8] Plaintiffs seek $6,350 for this item, including $3,750 for retexturing and repainting, and $2,600 for re-staining. However, Plaintiffs only submit documentation for $3,750. Doc. No. 46-11, at 1.

[9] Though Plaintiffs seek $20,000 in reimbursement for eight months of rent, they only submit documentation for six months.

[10] Plaintiffs' records do not support the $1,855.40 they seek. Even including the costs of Mr. Dailey's March, April, and May flights, Plaintiffs records indicate they spent $1750.40 on travel, which is $105 less than the $1,855.40 Plaintiffs seek. The discrepancy in amounts appears to be that Plaintiffs included fees to a Georgia tennis club and a bill from the Home Depot. Accordingly, the Court's award reflects $1750.40, less the costs of Mr. Dailey's flights in March, April, and May ($828.80). Doc. No. 46-15, at 5-7 (flights for March 10, April 5, and May 5).

[11] Plaintiffs also seek attorneys' fees as discovery sanctions under OKLA. STAT. tit. 12, § 3237.B.2 and Federal Rule of Civil Procedure 37. Because the Court awards Plaintiffs their fees as prevailing parties against Defendant Alvarado, it need not address the discovery-related fees separately.

Section 940(A) provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Because Plaintiffs' breach of contract and tort claims against Defendant Alvarado fall within the purview of these statutes, they are entitled to reasonable attorneys' fees.

Under Oklahoma law, the correct method for determining reasonable attorneys' fees is to calculate the lodestar fee, then adjust the fee by considering the factors set forth in *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okla.1979).[12] *Spencer v. Oklahoma Gas & Electric Co.,* 171 P.3d 890, 895 (Okla. 2007). The lodestar fee is the base fee computed as the reasonable number of hours expended by the attorney multiplied by the reasonable hourly rate. *Atwood v. Atwood,* 25 P.3d 936, 951 n. 21 (Okla.Civ.App.2001) (*citing Burk,* 598 P.2d at 660–661). "An attorneys' fee applicant bears the burden of proving that the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are recoverable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1553 (10th Cir.1996).

In support of their application for fees, Plaintiffs submitted an affidavit from their counsel and his time records. Doc. Nos. 46-17, 46-18. According to these documents,

---

[12] *See Burk*, 598 P.2d at 661 (listing 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal services properly; 4) the preclusion of other employment by the attorney due to accepting the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards made in similar cases).

6

counsel's rate is $150 an hour and he expended 276.40 hours on this case, totaling $41,460 in fees. Doc. Nos. 46, at 3-4; 46-17; 46-18.

While the Court finds counsel's hourly rate reasonable, it finds that not all of counsel's expended time is compensable. "An attorney fee award is recoverable to a prevailing party only for the work attributable to a claim for which such fees are statutorily recoverable." *Lee v. Griffith,* 990 P.2d 232, 233 (Okla.1999). Plaintiffs sought and obtained a declaratory judgment against Defendant Alvarado. Doc. Nos. 16; 30. There is no question that they are the "prevailing party" against him, and that counsel's time spent litigating this matter against Defendant Alvarado is "statutorily recoverable."

However, counsel's time entries also include time spent exploring causes of action and litigating claims against other defendants and potential defendants. Doc. No. 46-18. Plaintiffs are not, however, the prevailing parties as to claims against those defendants, one of whom prevailed against Plaintiffs on a motion to dismiss. Doc. No. 12. Consequently, the time Plaintiffs' counsel expended on these claims is not compensable under Sections 936 or 940 and must be deducted from the award of attorneys' fees. Because some of counsel's time entries co-mingle compensable and non-compensable work,[13] the Court will reduce the hours in those entries to reflect a reasonable amount of time spent on the compensable work. *See BP Pipelines (N. Am.) Inc. v. C.D. Brown Const., Inc.*, 473 F. App'x 818, 835-36 (10th Cir. 2012) (not unreasonable for district court to compensate prevailing party for 60% of time represented by block billing);

---

[13] This method is often referred to as "block billing." *Harolds Stores, Inc.,* 82 F.3d 1554 n. 15 ('Block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks").

7

*Sisney v. Smalley,* 690 P.2d 1048, 1052 (Okla.1984) (court has "approved an apportionment of attorney fees where the legal services were performed partly in an action in which attorney fees were recoverable and partly in a matter in which such fees are not allowable").

Applying these principles to its review of Plaintiffs' counsel's time records, the Court finds that 122 hours are compensable under the prevailing party statutes, for a total of $18,300.00 in recoverable attorneys' fees. This amount reflects the $4,900 the Oklahoma state court awarded to Plaintiffs for Defendant Alvarado's failure to comply with his discovery obligations. Doc. No. 16-1.

## V. Conclusion

For the foregoing reasons, Plaintiffs' Second Motion for Default Judgment Against Defendant Manuel Alvarado is hereby **GRANTED**. Doc. No. 30. The Court enters a judgment by default in favor of Plaintiffs and against Defendant Manuel Alvarado in the amount of **$39,074.35** in damages and **$18,300.00** in attorneys' fees.

IT IS SO ORDERED this 13th day of November, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE